```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                              LEXINGTON
```

| | |
|---|---|
| THELMA HOLLON, ) | |
| ) | |
|     Plaintiff, ) | Civil Action No. 5:05-414-JMH |
| ) | |
| v. ) | |
| ) | |
| CONSUMER PLUMBING RECOVERY ) | **MEMORANDUM OPINION AND ORDER** |
| CENTER AND HOLLY PARK ) | |
| HOMES, INC., ) | |
| ) | |
|     Defendants. ) | |

                **   **   **   **   ****

Before the Court is Plaintiff's motion to remand [Record No. 3] to which Defendant Consumer Plumbing Recovery Center ("CPRC") has responded [Record No. 5] and Plaintiff has replied [Record No. 6]. After fully considering the same, the Court finds that removal was proper and, therefore, Plaintiff's motion to remand is denied.

### I.   BACKGROUND

On September 7, 2005, Plaintiff sued Holly Park Homes, Inc. ("HP Homes") and CPRC in Breathitt Circuit Court, asserting state product liability, breach of contract, warranty, and Kentucky Consumer Protection Act ("KCPA") claims for damages arising from defective pipes in Plaintiff's mobile home.

The complaint seeks "compensatory damages in excess of minimal limits of this Courts [sic] jurisdiction, but less than $75,000.000." (Pl.'s Compl. ¶ 7.) In addition, the complaint seeks punitive damages, court costs, attorney fees, and "[a]ny

other and all relief of which Plaintiff is entitled." (*Id.*)

Prior to removal, Plaintiff filed a motion for summary judgment in state court against CPRC that states, "Plaintiff is entitled to the amount of the purchase price of a new mobile home namely, $36,000.00 . . . and demands Summary Judgment against the Defendant [CPRC] in the amount of $30,000.00."[1] (Def.'s Notice of Removal, Pl.'s Mot. Summ. J. 1.)

On October 12, 2005, CPRC filed a notice of removal to this Court alleging that the parties are diverse[2] and the amount in controversy exceeds the jurisdictional minimum. Plaintiff filed the instant motion to remand arguing that the amount in controversy does not exceed the jurisdictional minimum.

## II.    STANDARD OF REVIEW

Removal to federal court from state court is proper for "[a]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction[.]"  28 U.S.C. § 1441(a).  Defendant argues that removal is proper pursuant to 28 U.S.C. § 1332(a), which provides that federal courts "shall have

---

[1] This motion was not resolved in state court because Defendant CPRC removed the case to this Court shortly after it was filed.  Plaintiff did not take any action to revive the motion in this Court.

[2] Defendant asserts that HP Homes did not join in the notice of removal because the corporation is no longer in existence and, thus, is a nominal defendant. Plaintiff did not contest this fact.

original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different states."

Defendant has the burden of proving that removal is proper. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). If Plaintiff states a claim for *less* than $75,000.00 on the face of the complaint then, generally, removal is improper. *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 157 (6th Cir. 1993). The Sixth Circuit has held, however, that where state law provides that the plaintiff may recover more than she specifies in her complaint, removal is still proper if "the removing defendant . . . [shows] that it is 'more likely than not' that the plaintiff's claims meet the amount in controversy requirement." *Rogers,* 230 F.3d at 871; *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001). Likewise, if Plaintiff's claim is for *unspecified* damages, the defendant can prove that removal is proper by the same standard. *Gafford*, 997 F.2d at 158. However, "[t]he 'legal certainty' standard should apply to cases removed to federal court from state court where the plaintiff's prayer for damages in the state suit exceeds the federal amount-in-controversy requirement." *Id.* at 157; *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290 (1938) (holding that where the plaintiff originally files a complaint in state court alleging damages in excess of the

3

federal jurisdictional minimum and the matter is subsequently removed by the defendant, "[t]here is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court"). Thus, in cases where it is clear from the complaint that the amount in controversy *exceeds* the jurisdictional minimum, removal is proper unless it appears to a legal certainty that the amount is for less. *Gafford*, 997 F.2d at 157.

Punitive damages are included in the amount in controversy, "'unless it is apparent to a legal certainty that such cannot be recovered.'" *Hayes*, 266 F.3d at 572 (quoting *Holley Equip. Corp. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987)). Statutory attorneys fees are also included in the amount in controversy. *Crosby v. Am. Online, Inc.*, 967 F. Supp. 257, 261 (N.D. Ohio 1997); *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1168 (6th Cir. 1975). Finally, "[i]t is well established that claims can be aggregated to satisfy the jurisdictional amount requirement." *Klepper v. First Am. Bank*, 916 F.2d 337, 341 (6th Cir. 1990).

In the current case, the standard the Court must employ is the legal certainty standard because in addition to compensatory damages that are capped at "less than $75,000.000", the complaint also seeks punitive damages, attorney fees, and other proper relief.

4

### III. ANALYSIS

Plaintiff does not contest diversity[3] and, instead, argues that the amount in controversy does not exceed $75,000.00. Plaintiff first argues that the complaint expressly limits the damages to less than $75,000.00. Plaintiff next argues that she submitted a post-removal stipulation that supports remand, which states that "at no time will I request the Courts to award an amount in excess of Fifty Thousand Dollars ($50,000.00) against all Defendants combined herein." (Pl.'s Mot. to Remand, Pl.'s Aff. in Supp.) Plaintiff also argues that the amount in controversy is less than the jurisdictional minimum because she authorized a demand of $10,000.00 for settlement and filed a motion for summary judgment in state court seeking $30,000.00.

Defendant argues that removal was proper because the complaint only limits the *compensatory* damages to less than $75,000.00 and also seeks an unspecified amount for punitive damages, attorneys fees, and other relief. Thus, Defendant concludes, if the compensatory damages are limited to less than $75,000.00, then the additional unspecified damages bring the total amount in controversy to more than the $75,000.00. The Court agrees.

As stated *supra*, punitive damages must be considered in

---

[3] When HP Homes was in operation it was a Connecticut corporation with its principal place of business in Indiana. Defendant CPRC is a Texas non-profit corporation with its principal place of business in Texas. Plaintiff is a resident of Kentucky.

determining the amount on controversy "unless it is apparent to a legal certainty that such cannot be recovered." *Hayes*, 266 F.3d at 572 (quotation marks and citations omitted). If Plaintiff prevails on her products liability or KCPA claims and proves that Defendant's actions were malicious, oppressive, or fraudulent, Plaintiff would be eligible for punitive damages. *See* K.R.S. § 411.184 (authorizing punitive damages if malice, oppression, or fraud is shown);[4] *Hensley v. Paul Miller Ford, Inc.*, 508 S.W.2d 759, 762-63 (Ky. 1974) (punitive damages permitted in consumer action if gross negligence is shown); *Sufix, U.S.A., Inc. v. Cook*, 128 S.W.3d 838 , 840-41 (Ky. Ct. App. 2004) (punitive damages permitted for products liability claim if gross negligence is shown). In addition to punitive damages, if Plaintiff prevails on her KCPA claim, she may be eligible for an award of attorneys fees. K.R.S. § 367.220(3); *Alexander v. S & M Motors, Inc.*, 28 S.W.3d 303, 305 (Ky. 2000). Therefore, although Plaintiff capped compensatory damages to less than $75,000.00, the damages exceed

---

[4] This law is still valid although the Kentucky Supreme Court in *Williams v. Wilson*, 972 S.W.2d 260 (Ky. 1998), declared section 411.184(c) unconstitutional. *Id.* at 268-69. *Williams* held that the standard for punitive damages at common law was gross negligence and, as a result, the statutory provision requiring subjective awareness violated the Kentucky Constitution's jural rights doctrine because it required an elevated standard than that required at common law. *Id.* at 264. As a result, the standard for punitive damages is gross negligence and malice may be inferred. *Kinney v. Butcher*, 131 S.W.3d 357, 359 (Ky. Ct. App. 2004).

6

the jurisdictional minimum because she also sought punitive damages and attorney fees.

Further, the fact that Plaintiff has stipulated post-removal that she will not seek more than $50,000.00 does not require remand. *See St. Paul,* 303 U.S. at 292 ("And though, as here, the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction."); *Rogers*, 230 F.3d at 872 (holding that "a post-removal stipulation reducing the amount in controversy to below the jurisdictional limit does not require remand to state court"). The Court recognizes that several district courts have since distinguished *Rogers* when analyzing the amount in controversy for Kentucky state court complaints because under Kentucky law plaintiffs are not permitted to specify the amount of unliquidated damages. Ky. R. Civ. P. 8.01.[5] The courts distinguishing *Rogers*

---

[5] This rule provides,

> In any action for unliquidated damages the prayer for damages in any pleading shall not recite any sum as alleged damages other than an allegation that damages are in excess of any minimum dollar amount necessary to establish the jurisdiction of the court; provided, however, that all parties shall have the right to advise the trier of fact as to what amounts are fair and reasonable as shown by the evidence. When a claim is made against a party for unliquidated damages, that party may obtain information as to the amount claimed by interrogatories; if this is done,

7

have held that because of the Kentucky rule forbidding specification of damages, if a complaint does not state the amount of damages, then a post-removal stipulation is not a *reduction*, but instead is a *clarification* of the amount in controversy. *Egan v. Premier Scales & Sys.*, 237 F. Supp. 2d 774, 778 (W.D. Ky. 2002) ("where a plaintiff provides specific information about the amount in controversy for the first time, it should be deemed a *clarification* rather than a change") (emphasis in original); *Fenger v. Idexx Labs., Inc.*, 194 F. Supp. 2d 601, 604 (E.D. Ky. 2002) (remanding case to state court where complaint was unspecified and Kentucky rule provided that Defendant could determine specific amount by filing interrogatories). In the case at hand, however, *on the face of Plaintiff's complaint*, the amount in controversy exceeds $75,000.00. Thus, once jurisdiction attached, Plaintiff can not subsequently stipulate to an amount in controversy less than that stated in the complaint.

Moreover, the amount in controversy is met easily by combining the Plaintiff's assessment of the actual damages as being $30,000.00,[6] the amount she sought in the state court summary

---

amount stated in answer to interrogatories.

[6] Defendant's response to the motion to remand argues that the amount of actual damages is $36,000.00 based on the fact that Plaintiff's motion for summary judgment states that "Plaintiff is entitled to the amount of the purchase price of a new mobile home namely, $36,000.00". The motion, however, demands "Summary Judgment against the Defendant [CPRC] in the amount of $30,000.00." (Def.'s Notice of Removal, Pl.'s Mot. Summ. J.) Because the Court

judgment motion, with a conservative 1-1 ratio of punitive damages, and attorneys fees in an amount of thirty percent. *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003) (holding that while there are no *per se* ratios, single digit multipliers are more likely to comply with due process but that 4-1 ratios are close to the constitutional line); *Phelps v. Louisville Water Co.*, 103 S.W.3d 46, 55-56 (Ky. 2003) (upholding award of $2 million in punitive damages where compensatory damages award was approximately $176,000.00 in a personal injury, wrongful death action); *Owens-Corning Fiberglas Corp. v. Golightly*, 976 S.W.2d 409, 414-15 (Ky. 1998) (upholding punitive damages award of $435,000 where compensatory damages were only $290,000).

Plaintiff's argument that the motion for summary judgment motion requesting $30,000.00 and evidence that she offered to settle the claim for $10,000.00 prove that the amount in controversy is less than $75,000.00 is unavailing. The motion for summary judgment does not mention Plaintiff's claims for punitive damages and attorneys fees. Further, the fact that Plaintiff attempted to settle the claim for less than the amount in controversy is not probative of the true amount because litigants often settle claims for less than the amount in controversy. *Stephens v. Mitsubishi Elec. Auto. Am., Inc.*, No. 01-71443, 2002 WL

---

views the evidence in the light most favorable to the party seeking removal, the Court will assume Plaintiff was seeking the smaller sum.

9

551033, *2 (E.D. Mich. 2002) (unpub.) ("Plaintiff's settlement offers in this case, falling just a shade below the $75,000 jurisdictional threshold, tend to suggest that the amount in controversy actually exceeds this threshold. This indication, along with Defendant's statement of the damages that could be awarded here, satisfies the Court that removal was proper."). Although the settlement offer in the instant case was much less than the jurisdictional minimum, "[p]arties routinely offer and accept settlement amounts significantly below the total amount placed into controversy by the case in order to avoid the risks that accompany a trial[,]" *Sayre v. Potts,* 32 F. Supp. 2d 881, 888 (S.D. W. Va. 1999), and Defendant has shown through Plaintiff's own assessment of damages in her motion for summary judgment that the amount in controversy exceeds the jurisdictional minimum. Therefore, this Court has jurisdiction and the plaintiff's motion to remand is denied.

### IV. CONCLUSION

Because the parties are diverse and it is not apparent to a legal certainty that the amount in controversy is less than the jurisdictional requirement, the Court has jurisdiction over the matter. Accordingly, **IT IS ORDERED** that Plaintiff's motion to remand [Record No. 3] be, and the same hereby is, **DENIED.**

This the 28th day of February, 2006.



Signed By:
*Joseph M. Hood*
United States District Judge