```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF KENTUCKY
                       LEXINGTON
```

| | |
|---|---|
| THELMA HOLLON, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 5:05-414-JMH |
| ) | |
| v. ) | |
| ) | |
| CONSUMER PLUMBING RECOVERY ) | **MEMORANDUM OPINION AND ORDER** |
| CENTER AND HOLLY PARK ) | |
| HOMES, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

                    **    **    **    **    **

Before the Court is Defendant Consumer Plumbing Recovery Center's ("CPRC") motion to dismiss or in the alternative for a more definite statement [Record No. 2] to which there was no response. The response and reply time having passed, the motion is ripe for review.

### I.  BACKGROUND

On September 7, 2005, Plaintiff sued Holly Park Homes, Inc. ("HP Homes")[1] and CPRC in Breathitt Circuit Court, asserting state fraud, Kentucky Consumer Protection Act ("KCPA"), products liability, warranty, and breach of contract claims for damages arising from allegedly defective pipes in Plaintiff's mobile home. Defendant removed the action to this Court based on diversity jurisdiction and successfully defeated Plaintiff's motion to remand.

Plaintiff's complaint alleges that she bought the mobile home in 1984 from HP Homes and that CPRC "is a company established for

---

[1] HP Homes is a nominal party to the suit because the company is no longer in operation.

the repair and installation of defective plumbing pipes regarding defective mobile homes that have been sold to consumers." (Pl.'s Compl. ¶ 1.) She alleges that "[t]he plumbing pipes at the time of sale were defective and unreasonably dangerous and the Defendants herein knew of same." (*Id.* ¶ 4.) She also alleges, "The Defendants refuse to honor an agreement to repair the mobile home" and that "[t]he acts of the Defendants are reckless and willful and wanton." (*Id.* ¶ 5.)

Further, the complaint states, that CPRC "wrongfully denied the Plaintiff damages for repairs to her trailer" in violation of Kentucky Statutes and the KCPA. (*Id.* ¶ 6.) Finally, the complaint alleges that "[t]he acts of both Defendants are fraudulent," and constitute breaches of "implied warranty of habituality [sic], all implied warranties, as well as, express warranties." (*Id.* ¶ 7.) Plaintiff seeks compensatory and punitive damages, attorneys fees, and costs from both defendants.

## II.  STANDARD OF REVIEW

Defendant argues that the complaint should be dismissed in its entirety because it fails to state any claim for relief. Alternatively, Defendant argues that the Court should order Plaintiff to provide a more definite statement of her claims.

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the plaintiff's complaint. Pursuant to liberal pleading rules, the complaint is sufficient if it contains "a short and plain statement of the claim showing that the pleader is

entitled to relief." Fed. R. Civ. P. 8(a). The purpose of the complaint is to provide the defendant with notice of the claims asserted and the grounds supporting the claims. *Swierkiewicz v. Sorema*, 534 U.S. 506, 512 (2002).

When assessing the sufficiency of the complaint, the Court views the complaint in the light most favorable to the plaintiff and "must accept as true 'well-pleaded facts' set forth in the complaint." *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 680 (6th Cir. 2004) (quoting *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)); *Courtney v. Smith*, 297 F.3d 455, 459 (6th Cir. 2002). "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Swierkiewicz*, 534 U.S. at 514 (2002) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

When asserting a fraud claim, however, the rules provide that "the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). "The Sixth Circuit interprets Rule 9(b) as requiring plaintiffs to 'allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud.'" *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 563 (6th Cir. 2003) (quoting *Coffey v. Foamex L.P.*, 2 F.3d 157, 161-62 (6th Cir. 1993)).

3

In light of the foregoing, if the complaint is so deficient that it does not provide notice to the defendant, then the defendant may move for a more definite statement. *Swierkiewicz*, 534 U.S. at 514; *Baxter v. Rose*, 305 F.3d 486, 490 (6th Cir. 2002) ("In the case of a truly unclear complaint, the defendant can move for a more definite statement of the claim under Rule 12(e)."). Pursuant to Rule 12(e), the Court may grant this motion "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." The defendant's motion for a more definite statement "shall point out the defects complained of and the details desired." *Id.*

### III. ANALYSIS

Plaintiff's complaint asserts claims for fraud, KCPA, products liability, warranty, and breach of contract. Each claim is discussed in turn.

**A. Fraud**

Defendant argues that Plaintiff's fraud claim should be dismissed for failure to state the claim with particularity, as required by Rule 9(b). Plaintiff's complaint alleges that the defendants knew the pipes were defective when the home was sold to Plaintiff; that the defendants refused to honor an agreement to repair the home; and that CPRC wrongfully denied damages for repairs to the mobile home. It concludes that "[t]he acts of both

4

Defendants are fraudulent." (Pl.'s Compl. ¶ 7.) The complaint does not state the misrepresentation upon which Plaintiff relied; when and where the misrepresentation took place; the defendants' intent in perpetrating the fraud; or the injury that resulted.

Because Plaintiff does not "'allege the time, place, and content of the alleged misrepresentation on which [she] relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud[,]'" *Yuhasz,* 341 F.3d at 563, the complaint does not satisfy Rule 9(b)'s requirement to plead fraud with particularity. Instead of dismissal of this claim, however, the better course is to require Plaintiff to file a more definite statement. *See e.g. Coffey*, 2 F.3d at 162 (holding that "in meeting [the] Rule 9(b) particularity requirement, 'federal courts must be liberal in allowing parties to amend their complaints'") (quoting *Hayduk v. Lanna*, 775 F.2d 441, 445 (1st Cir. 1985)); Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil* 3d § 1291 (2004) ("[A] failure to comply with many of the special pleading provisions in Rule 9 need not be remedied by dismissal of the action or a striking of the pleading, but can be corrected through a motion for a more definite statement.").

Therefore, Plaintiff must set forth facts indicating time, place, and content of the misrepresentation, as well as Defendant's intent and the damages flowing from the alleged fraud.

**B.   KCPA**

Plaintiff's complaint alleges that CPRC violated the KCPA by denying "Plaintiff damages for repairs to her trailer." (Pl.'s Compl. ¶ 6.) In other paragraphs of the complaint, Plaintiff alleges that CPRC is a company that installs and repairs plumbing pipes in mobile homes; that the defendants knew the plumbing pipes were defective; that "[t]he Defendants refuse[d] to honor an agreement to repair the mobile home[;]" and that "[t]he acts of both Defendants are fraudulent." (*Id. passim*.) The complaint also alleges, "The acts of the Defendants are reckless and willful and wanton." (*Id.* ¶ 5.)

The KCPA provides,

> Any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful by K.R.S. § 367.170, may bring an action.

K.R.S. § 367.220. Section 367.170 declares unlawful "[u]nfair, false, misleading, or deceptive acts or practices in the conduct of any trade or commerce." The Kentucky Supreme Court has held,

> Not every failure to perform a contract is sufficient to trigger application of the Consumer Protection Act. The statute requires some evidence of "unfair, false, misleading or deceptive acts" and does not apply to simple incompetent performance of contractual duties unless some element of intentional or grossly negligent conduct is also present.

*Capitol Cadillac Olds, Inc. v. Roberts*, 813 S.W.2d 287, 291 (Ky. 1991). Although Plaintiff's complaint alleges that Defendant

breached an agreement to repair the pipes and that both defendants knew that the plumbing pies were defective at time of sale, the complaint: 1) is unclear as to the terms of the agreement between CPRC and Plaintiff; and 2) does not allege with particularity the fraudulent acts each defendant committed. Fed. R. Civ. P. 9(b). Therefore, Plaintiff must make a more definite statement for this claim.

**C.   Products Liability**

Defendant argues that Plaintiff's products liability claim should be dismissed because the complaint only alleges that CPRC is a service provider and under Kentucky law, service providers are not be liable for products liability claims. Plaintiff's complaint alleges that CPRC "is a company established for the repair and installation of defective plumbing pipes regarding defective mobile homes that have been sold to consumers." (Pl.'s Compl. ¶ 2.) It further alleges,

> On or about the 31st day of May, 1984 the Plaintiff purchased a mobile home from Defendant Holly Park. The plumbing pipes at the time of sale were defective and unreasonably dangerous and the Defendants herein knew of same. Therefore, the Defendants are liable and responsible to the Plaintiff.

(*Id.* ¶ 4.)

The Court agrees that under Kentucky law, a service provider may not be liable for a products liability claim unless the service provider is also a seller or manufacturer of the product at issue.

7

K.R.S. § 411.300 (defining products liability action as "personal injury, death or property damage caused by or resulting from the manufacture, construction, design, formulation, development of standards, preparation, processing, assembly, testing, listing, certifying, warning, instructing, marketing, advertising, packaging or labeling of any product"); K.R.S. § 411.320 (describing circumstances manufacturers are liable); K.R.S. § 411.340 (describing circumstances wholesalers, distributors, or retailers are liable); *McKee v. Cutter Labs., Inc.*, 866 F.2d 219, 222 (6th Cir. 1989) (predicting Kentucky law and holding that service providers are not liable for strict products liability claims).

Although it is clear from the complaint that Defendant installs and repairs plumbing pipes in mobile homes, it is unclear whether Defendant also sold or manufactured the pipes in Plaintiff's mobile home because the complaint alleges that *both* defendants knew the pipes were defective at the time of sale of the mobile home. It is possible from the wording of the complaint that HP Homes sold the mobile home to Plaintiff and Defendant manufactured the pipes or sold the pipes to Plaintiff, in addition to installing or repairing them at the time of sale. Because the Court must construe the complaint in the light most favorable to Plaintiff, *PR Diamonds, Inc.*, 364 F.3d at 680, and because the complaint is vague as to whether Defendant also sold or manufactured the pipes at issue, Plaintiff is ordered to file a

8

more definite statement detailing said information.

**D. Warranty Claims**

As to the warranty claims, Plaintiff's complaint alleges that the acts of the defendants constitute "breach of implied warranty of habituality [sic], all implied warranties, as well as, express warranties." (*Id*. ¶ 7.) Pursuant to Kentucky law, "there is an implied warranty of habitability to the buyer of a new house from the builder that the structural features were constructed in a workmanlike manner and using suitable materials." *Craig v. Keene*, 32 S.W.3d 90, 91 (Ky. Ct. App. 2000). Plaintiff's complaint clearly states that HP Homes sold the mobile home to her in 1986 and never alleges that Defendant CPRC sold the home. Accordingly, the facts alleged are inconsistent with Plaintiff recovering under an implied warranty of habitability claim against CPRC and shall be dismissed with prejudice.

Under Kentucky law, an express warranty is created by the seller of a product by an affirmation, a description of the product, or by a sample or model that is the basis of the bargain. K.R.S. § 355.2-313. As stated *supra*, Plaintiff's complaint clearly alleges that HP Homes sold the mobile home to Plaintiff, but the complaint is unclear as to whether CPRC sold the pipes to Plaintiff. Therefore, Plaintiff shall provide a more definite statement as to the express warranty claim. Specifically, Plaintiff shall state whether CPRC sold the pipes in question, name

9

what type of express warranty is alleged, and state the grounds supporting this claim.

Similarly, Kentucky law provides claims for implied warranties against sellers based on merchantability and fitness for purpose. K.R.S. §§ 355.314, 355.315. Again, Plaintiff has not specified that CPRC sold the pipes in question and has not stated how the pipes were unmerchantable or unfit for a particular purpose. Because the basis of Defendant's status as seller of the pipes is unclear from a fair reading of the complaint, Plaintiff must provide a more definite statement detailing this information and stating the grounds upon which relief may be granted.

**E.   Breach of Contract**

Defendant argues that under Kentucky law, if Plaintiff asserts a contract claim, she must specifically state the contact, the breach, and the facts that show damage or loss. *See e.g. Fannin v. Commercial Credit Corp.*, 249 S.W.2d 826, 827 (Ky. 1952). Plaintiff's complaint simply alleges that "Defendants refuse to honor an agreement to repair the mobile home." (Pl.'s Compl. ¶ 5.) Plaintiff's complaint earlier states that Defendant repairs plumbing pipes and that she purchased the mobile home from HP Homes. Yet, the allegation that there was a breach of contract seemingly implicates both defendants because she states "the Defendants" refuse to honor an agreement. Plaintiff does not state any facts to support the contract claim other than there was an

agreement that both defendants refused to honor. Because Plaintiff's complaint is vague as to the parties to the contract and the facts surrounding the claim, the Court orders Plaintiff to provide a more definite statement of this claim. Specifically, Plaintiff must include the facts surrounding the contract, the breach, and the damages flowing from the breach.

### IV.   CONCLUSION

Accordingly, and for the foregoing reasons, **IT IS ORDERED**:

(1) That Defendant's motion to dismiss or for a more definite statement be, and the same hereby is, **GRANTED IN PART AND DENIED IN PART.**

2) That to the extent the motion seeks dismissal, it is **GRANTED** as to Plaintiff's breach of implied warranty claim, which shall be dismissed with prejudice, and is **DENIED IN ALL OTHER RESPECTS.**

3) That to the extent the motion seeks a more definite statement, it is **GRANTED**. Plaintiff has thirty (30) days from the date of this Order within which to amend the complaint with a more definite statement that:

a) describes the time, place, and content of the alleged misrepresentation, as well as Defendant's intent and the damages flowing from the alleged fraud.

b) states the facts surrounding the KCPA claims and if the facts involve fraud, state with particularity the time, place,

11

and content of the alleged misrepresentation, as well as Defendant's intent and the damages flowing from the alleged fraud.

      c) states whether CPRC sold or manufactured the plumbing pipes that are at issue in the complaint and the facts surrounding her products liability claim.

      d) states the facts surrounding the breach of warranty claims, including whether CPRC sold the pipes at issue.

      e) states the facts surrounding the alleged contract to repair the pipes at issue in the complaint, including the parties to the contract.

    4) That if Plaintiff does not so respond within the time provided by the Court, the complaint shall be dismissed.

    This the 2nd day of March, 2006.



Signed By:

*Joseph M. Hood*

United States District Judge