```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF KENTUCKY
                            LEXINGTON
```

| | |
|---|---|
| THELMA HOLLON, | ) |
| | ) |
| | ) Civil Action No. 5:05-414-JMH |
| Plaintiff, | ) |
| | ) |
| | ) |
| v. | ) |
| | ) **MEMORANDUM OPINION AND ORDER** |
| CONSUMER PLUMBING RECOVERY | ) |
| CENTER, et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

```
               **    **    **    **    **
```

Before the Court is Defendant Consumer Plumbing Recovery Center's ("CPRC or Defendant") motion to dismiss [Record No. 11], to which the plaintiff responded [Record No. 13]. The reply time having passed, the motion is ripe for review.

### I.  Background

On September 7, 2005, Plaintiff sued Holly Park Homes, Inc. ("HP Homes")[1] and CPRC in Breathitt Circuit Court, asserting state fraud, Kentucky Consumer Protection Act ("KCPA"), products liability, warranty, and breach of contract claims for damages arising from allegedly defective pipes in Plaintiff's mobile home. Defendant removed the action to this Court based on diversity jurisdiction and successfully defeated Plaintiff's motion to

---

[1] HP Homes is a nominal party to the suit because the company is no longer in operation.

remand.

On October 17, 2005, Defendant filed a motion to dismiss or alternatively, a motion for a more definite statement. On March 2, 2006, the Court dismissed with prejudice Plaintiff's breach of implied warranty of habitability claim. With respect to the remaining claims, pursuant to Rule 12(e), the Court ordered Plaintiff to provide a more definite statement because the original complaint was so ambiguous that Defendant could not form an answer. (Mem. Op. & Order, March 2, 2006, 12); Fed. R. Civ. P. 12(e). The Order listed the information required to be included in the amended complaint and stated that "if Plaintiff does not so respond within the time provided by the Court, the complaint shall be dismissed." (Mem. Op. & Order, March 2, 2006, 12.)

Plaintiff timely filed an amended complaint that incorporates the original complaint in total. The original complaint alleges that she bought the mobile home in 1984 from HP Homes and that CPRC "is a company established for the repair and installation of defective plumbing pipes regarding defective mobile homes that have been sold to consumers." (Pl.'s Compl. ¶ 1.) It states that "[t]he plumbing pipes at the time of sale were defective and unreasonably dangerous and the Defendants herein knew of same." (*Id.* ¶ 4.) Plaintiff also alleges, "Defendants refuse to honor an agreement to repair the mobile home" and that "[t]he acts of the Defendants are reckless and willful and wanton." (*Id.* ¶ 5.)

The original complaint states that CPRC "wrongfully denied the Plaintiff damages for repairs to her trailer" in violation of Kentucky Statutes and the KCPA. (*Id.* ¶ 6.) Finally, the complaint alleges that "[t]he acts of both Defendants are fraudulent," and constitute breaches of "implied warranty of habituality [sic], all implied warranties, as well as, express warranties." (*Id.* ¶ 7.) The original complaint seeks compensatory and punitive damages, attorneys fees, and costs from both defendants.

The one and a half-page amended complaint resserts that she bought the mobile home from HP Homes on or about May 31, 1984, and states,

> Within one year of purchase of said mobile home, the water pipes started leaking under the mobile home and around the water heater. Plaintiff Hollon contacted a local plumber to fix said leak . . . . Within a short time, the water pipes again began leaking under the mobile home, and Plaintiff Hollon again contacted a local plumber to fix the leak. The water pipes continued, and still continues, to leak and Plaintiff Hollon continues to call local plumbers. The problem with the water pipes began in the year 1985 and continues to this date.
>
> Plaintiff Hollon contacted Defendant Consumer regarding the water pipe leaks. Defendant Consumer refused to replace/repair the water pipes indicating that the eligibility period expired on 08-21-97 . . . . Plaintiff Hollon contends that she has experienced problems with the water pipes since the year 1985 to the present.

(Pl.'s First Am. Compl.)

The amended complaint states that Plaintiff has suffered mental anguish, plumbing expenses, and replacement costs for the floor and carpet. Plaintiff attached several exhibits to the

amended complaint, including: 1) an HP Homes document entitled "Manufacturer's Statement of Origin to a Motor Vehicle"; 2) a letter to Plaintiff from CPRC stating that her Claim Eligibility Form for the Cox Settlement was denied because the leak occurred more than ten years after the pipe was installed and that the claim was filed more than eleven years after the pipe was installed; and 3) a letter from Breathitt Mechanical Company, Inc., that states that the company provided plumbing services to Plaintiff since the 1980s, with numerous repairs to the pipes, but that records only exist for repairs since 1997. (*Id*.) From the attachments, the Court gathers that the "Cox Settlement" resulted from a class action suit against the manufacturer of polybutylene[2] water pipes and that CPRC is responsible for determining eligibility for claims filed in response to said settlement.

Defendant subsequently filed the instant motion to dismiss arguing that the amended complaint should be dismissed because Plaintiff failed to provide a more definite statement as ordered by the Court and because the amended complaint fails to state any claim to relief.

## II.   Standard of Review

A motion to dismiss pursuant to Rule 12(b)(6) tests the

---

[2] It is unclear from the original and amended complaint who manufactured the pipes in question.

sufficiency of the plaintiff's complaint. Pursuant to liberal pleading rules, the complaint is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The purpose of the complaint is to provide the defendant with notice of the claims asserted and the grounds supporting the claims. *Swierkiewicz v. Sorema*, 534 U.S. 506, 512 (2002).

The Court views the complaint in the light most favorable to the plaintiff and "must accept as true 'well-pleaded facts' set forth in the complaint." *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 680 (6th Cir. 2004) (quoting *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)); *Courtney v. Smith*, 297 F.3d 455, 459 (6th Cir. 2002). "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Swierkiewicz*, 534 U.S. at 514 (2002) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

Complaints asserting fraud claims, however, must detail "the circumstances constituting fraud or mistake . . . with particularity." Fed. R. Civ. P. 9(b). "The Sixth Circuit interprets Rule 9(b) as requiring plaintiffs to 'allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the

defendants; and the injury resulting from the fraud.'" *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 563 (6th Cir. 2003) (quoting *Coffey v. Foamex L.P.*, 2 F.3d 157, 161-62 (6th Cir. 1993)).

### III. Analysis

Plaintiff's amended complaint incorporates by reference the original complaint and, thus, asserts claims for fraud, breach of contract, KCPA, products liability, and breach of warranty. Each claim is discussed in turn.

**A. Fraud**

Plaintiff's original complaint alleges that the defendants knew the pipes were defective when the home was sold to Plaintiff; that the defendants refused to honor an agreement to repair the home; and that CPRC wrongfully denied damages for repairs to the mobile home. It concludes that "[t]he acts of both Defendants are fraudulent." (Pl.'s Compl. ¶ 7.) Because Plaintiff did not "'allege the time, place, and content of the alleged misrepresentation on which [she] relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud[,]'" *Yuhasz,* 341 F.3d at 563, as required by Rule 9(b), the Court ordered Plaintiff to provide a more definite statement. Specifically, the Court ordered Plaintiff to "describe[] the time, place, and content of the alleged misrepresentation, as well as Defendant's intent and the damages flowing from the alleged fraud."

(Mem. Op. & Order, March 2, 2006, 11-12.)

Plaintiff's amended complaint states that she contacted CPRC to repair the pipes and that CPRC refused to repair or replace them because the eligibility period expired on 08-21-97. She attached the letter from CPRC that denies the claim because of the expiration of the eligibility period and the fact that the leaks occurred more than ten years after the pipe was installed. The amended complaint states that she experienced problems with the pipes from 1985 to the present, apparently contesting CPRC's second reason for denying the claim, but still does not allege any misrepresentation on CPRC's part.

Construing the amended complaint in the light most favorable to Plaintiff, it does not state with particularity the "'time, place, and content of the alleged misrepresentation on which [she] relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud.'" *Yuhasz,* 341 F.3d at 563. Plaintiff was given a chance by the Court to correct the complaint and, as she did not, the fraud claim against Defendant is dismissed without prejudice for failure to plead fraud with particularity.

**B.    Breach of Contract**

Plaintiff's original complaint simply alleges that "Defendants refuse to honor an agreement to repair the mobile home." (Pl.'s Compl. ¶ 5.) The complaint earlier states that Defendant repairs

plumbing pipes and that she purchased the mobile home from HP Homes, but does not state any facts to support the contract claim other than there was an agreement that both defendants refused to honor. Because Plaintiff's original complaint was vague as to the parties to the contract and the facts surrounding the claim, the Court ordered Plaintiff to file a more definite statement that includes the facts surrounding the contract, the breach, and the damages flowing from the breach.

Plaintiff's amended complaint alleges that she has suffered continuous problems with her pipes since 1985 and that CPRC "refused to replace/repair the water pipes indicating that the eligibility period expired on 08-21-97." (Pl.'s First Am. Compl. ¶ 4.) Plaintiff attached CPRC's denial of her claim that states that the claim was filed after the expiration of the filing period and that the leaks occurred more than ten years after the pipes were installed. Keeping in mind that the purpose of the complaint is to provide Defendant with notice of the claims asserted and the grounds supporting the claims, *Swierkiewicz*, 534 U.S. at 512, the amended complaint states a contract claim.

The amended complaint alleges Plaintiff contacted CRPC regarding the pipes and that CPRC refused to replace or repair them. Plaintiff attached the denial letter and contends that contrary to the denial, she experienced leaks within a year of installation. Construing the facts most favorably to Plaintiff,

-8-

she has stated a contract claim against CPRC for failure to repair the pipes because Defendant is now on notice that the contract claim is against it and concerns the reasons Defendant refused to repair her pipes. The validity or existence of a contract among the parties is not at issue in this motion to dismiss. Although not a model of clarity, the amended complaint places Defendant on notice that a contract claim has been asserted against it. Additional facts surrounding this claim can be fleshed out in discovery. *Swierkiewicz*, 534 U.S. at 512 ("This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims.").

**C.  KCPA**

Plaintiff's original complaint asserts a KCPA claim against CPRC for wrongfully denying to repair or replace the pipes in her mobile home. The KCPA declares unlawful "[u]nfair, false, misleading, or deceptive acts or practices in the conduct of any trade or commerce." K.R.S. § 367.170. The Kentucky Supreme Court has held that "[n]ot every failure to perform a contract is sufficient to trigger application of the Consumer Protection Act." *Capitol Cadillac Olds, Inc. v. Roberts*, 813 S.W.2d 287, 291 (Ky. 1991). In fact, "[t]he statute requires some evidence of 'unfair, false, misleading or deceptive acts' and does not apply to simple incompetent performance of contractual duties unless some element

of intentional or grossly negligent conduct is also present." *Id.*

In the original complaint, Plaintiff alleges that CPRC is a company that installs and repairs plumbing pipes in mobile homes; that Defendants knew the plumbing pipes were defective; that "Defendants refuse[d] to honor an agreement to repair the mobile home[;]" and that "[t]he acts of both Defendants are fraudulent." (Pl.'s Compl. *passim*.)  The complaint also alleges, "The acts of the Defendants are reckless and willful and wanton." (*Id.* ¶ 5.)

In requiring a more definite statement, the Court held,

> Although Plaintiff's complaint alleges that Defendant breached an agreement to repair the pipes and that both defendants knew that the plumbing pipes were defective at time of sale, the complaint: 1) is unclear as to the terms of the agreement between CPRC and Plaintiff; and 2) does not allege with particularity the fraudulent acts each defendant committed.  Fed. R. Civ. P. 9(b). Therefore, Plaintiff must make a more definite statement for this claim.

(Mem. Op. & Order, March 2, 2006, 6-7.)

As noted, the amended complaint does not plead any fraudulent acts with particularity, but does state a contract claim against CPRC for failure to repair or replace the pipes.  Further, the original complaint, which is incorporated, alleges that the denial was reckless, willful,  or wanton, which states a claim under the KCPA for "[u]nfair, false, misleading, or deceptive acts or practices."  K.R.S. § 367.170.

Therefore, to the extent the KCPA claim is based on fraudulent acts of Defendant, this claim is dismissed without prejudice for

failure to plead fraud with particularity. To the extent the KCPA claim is based on intentional or grossly negligent conduct in performing the contract, the claim survives Defendant's motion to dismiss.

**D.   Products Liability**

Plaintiff's original complaint alleges that CPRC "is a company established for the repair and installation of defective plumbing pipes regarding defective mobile homes that have been sold to consumers." (Pl.'s Compl. ¶ 2.) It further alleges,

> On or about the 31st day of May, 1984 the Plaintiff purchased a mobile home from Defendant Holly Park. The plumbing pipes at the time of sale were defective and unreasonably dangerous and the Defendants herein knew of same. Therefore, the Defendants are liable and responsible to the Plaintiff.

(Pl.'s Compl.) The Court agreed with Defendant that Kentucky law provides that an installation or repair company is not liable for a products liability claim unless the company also manufactured or sold the product at issue. K.R.S. § 411.300 (defining products liability action as "personal injury, death or property damage caused by or resulting from the manufacture, construction, design, formulation, development of standards, preparation, processing, assembly, testing, listing, certifying, warning, instructing, marketing, advertising, packaging or labeling of any product"); K.R.S. § 411.320 (describing circumstances manufacturers are liable); K.R.S. § 411.340 (describing circumstances wholesalers, distributors, or retailers are liable); *McKee v. Cutter Labs.,*

-11-

*Inc.*, 866 F.2d 219, 222 (6th Cir. 1989) (predicting Kentucky law and holding that service providers are not liable for strict products liability claims). However, the Court did not dismiss the products liability claim with prejudice because the complaint was unclear as to whether CPRC also manufactured or sold the pipes at issue. (Mem. Op. & Order, March 2, 2006, 8) ("It is possible from the wording of the complaint that HP Homes sold the mobile home to Plaintiff and Defendant manufactured the pipes or sold the pipes to Plaintiff, in addition to installing or repairing them at the time of sale."). Because the complaint was vague as to whether CPRC also manufactured or sold the pipes at issue, the Court ordered Plaintiff to file a more definite statement alleging that CPRC either sold or manufactured the pipes. The amended complaint does not contain said information. Therefore, this claim is dismissed without prejudice for failure to state a claim.

**E.   Warranty**

The original complaint asserts claims for breach of implied warranty, breach of the warranty of habitability, and breach of express warranty. The Court dismissed with prejudice the breach of implied warranty of habitability claim because the complaint clearly stated that HP Homes sold the mobile home to Plaintiff and habitability claims can only be asserted against builders and sellers. (Mem. Op. & Order, March 2, 2006, 9); *Craig v. Keene*, 32 S.W.3d 90, 91 (Ky. Ct. App. 2000).

As for the remaining warranty claims, the Court ordered Plaintiff to provide a more definite statement because it was unclear whether CPRC sold the pipes at issue and warranty claims are only viable against sellers of a product.  *See* K.R.S. § 355.2-313 (express warranties); K.R.S. §§ 355.314, 355.315 (implied warranties).  The amended complaint does not contain the information ordered to be included by the Court.  Therefore, Plaintiff's breach of express and implied warranty claims are dismissed without prejudice for failure to state a claim.

### IV.  Conclusion

Accordingly, and for the foregoing reasons, **IT IS ORDERED**:

(1) That Defendant's motion to dismiss [Record No. 11] be, and the same hereby is, **GRANTED IN PART** as follows:

    A). Plaintiff's fraud claim be, and the same hereby is **DISMISSED WITHOUT PREJUDICE.**

    B). Plaintiff's KCPA claim based on alleged fraudulent acts of Defendant be, and the same hereby is, **DISMISSED WITHOUT PREJUDICE.**

    C). Plaintiff's warranty claims[3] be, and the same hereby are, **DISMISSED WITHOUT PREJUDICE.**

---

[3] The implied warranty of habitability claim has already been dismissed *with* prejudice by the Court.  (Mem. Op. & Order, March 2, 2006, 9.)

(2) That Defendant's motion to dismiss be, and the same hereby is, **DENIED** as to the contract and contract-related KCPA claims.

This the 15th day of May, 2006.



Signed By:

*Joseph M. Hood*
United States District Judge